UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELECIO JUNIOR REYES,<br><br>              Petitioner,<br><br>     v.<br><br>F. GONZALES, Warden,<br><br>             Respondent. | Case No. ED CV 08-1928-GW (CT)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS, AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

     Pursuant to 28 U.S.C. § 636, the court has reviewed the petition, all the records and files herein, the report and recommendation of the United States Magistrate Judge, and petitioner's objections to the report and recommendation.

     Among other arguments in his objections, petitioner contends that the magistrate judge erred in resolving his ground for relief based on the trial court's denial of his motion for mistrial. Specifically, petitioner notes that, during trial, he was in severe pain from a beating he sustained while in prison and that, as a result, he was taking vicodin, a narcotic pain medication. Consequently, according to petitioner, he was unable to assist in his defense.

     This ground for relief fails for the reasons set forth in the

magistrate judge's report and recommendation.  In addition, however, the court notes the following additional facts that undermine petitioner's ground for relief.  First, although petitioner was apparently taking vicodin during the days in which the court was in recess, he was not taking vicodin when the trial resumed.  (RT at 502).  Although petitioner suggests that this fact shows that he suffered in pain without proper medication, the record betrays any such suggestion.  Specifically, the record shows that petitioner was given Bayer aspirin for his pain and that, moreover, the medication alleviated any lingering pain associated with petitioner's injury. (RT at 615).  Indeed, petitioner's trial counsel informed the court that petitioner had no pain after taking the aspirin.[1]  Further, that petitioner was not taking vicodin once trial resumed shows that he was not suffering the side effects of a narcotic drug and, therefore, that he was able to participate in his defense.

Second, other evidence in the record supports the trial court's decision to deny petitioner's motion for mistrial.  For example, as the trial court noted, the sheriff's personal at the infirmary in which petitioner was housed during trial reported that petitioner could have been released for trial the day before the trial resumed. (RT at 505).  And, as the trial court observed, petitioner's demeanor, with minor exceptions, suggested that he was able to proceed and participate in his defense.  (RT at 504).  In short, the state courts did not commit constitutional error in denying petitioner's motion for mistrial.

---

[1] Petitioner denies ever having told his counsel that petitioner could proceed with trial.  (Objections at 13).  However, the court notes that petitioner voiced no objection at trial to counsel's representations to the court.

Petitioner also challenges the magistrate judge's resolution of petitioner's ground for relief based on the purported insufficiency of the evidence supporting the jury's finding that petitioner's crimes were gang-related. In particular, petitioner faults the magistrate judge for relying on the testimony of E.F. to show that substantial evidence supported the jury's finding regarding the gang allegation. That testimony, according to petitioner, was unreliable because E.F. had a reason to fabricate his testimony. (Objections at 5-7). To the extent that the jury credited E.F.'s account, no error occurred. See United States v. Scheffer, 523 U.S. 303, 313 (1998) (noting that "[d]etermining the weight and credibility of witness testimony, therefore, has long been held to be the 'part of every case [that] belongs to the jury'"); United States v. Bhagat, 436 F.3d 1140, 1146 n.3 (9th Cir. 2006) (on direct review stating, "It is the province of the trier of fact 'to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts'") (citation omitted). Accordingly, petitioner's challenge to the gang enhancement fails.

Finally, petitioner uses his objections to assert new grounds for relief. Specifically, in connection with nearly each of his existing grounds for relief, petitioner asserts that he received ineffective assistance of counsel. Petitioner was admonished that grounds raised for the first time in objections would not be considered. (Order, dated Jan. 5, 2009). The court, in its discretion, chooses not to consider the new grounds for relief that petitioner has raised for the first time in his objections. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).

However, even if the court was inclined to consider petitioner's

new grounds for relief, the court would not find any of them meritorious. Assuming without deciding that petitioner could show deficient performance, he could not show prejudice stemming from the purported deficiencies in his counsel's performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Each of petitioner's ineffective assistance of counsel grounds for relief corresponds to one of his existing grounds for relief. (See, e.g., Objections at 6 (asserting counsel was ineffective for failing to object to gang allegation); id. at 8 (asserting counsel was ineffective for failing to request jury be instructed with CALJIC 2.71.7); id. at 10-11 (asserting counsel was ineffective for failing to object to prosecution's closing argument)). But as stated in the report and recommendation, each of those grounds for relief failed on its own merits. Thus, no identified action on trial counsel's part would have changed the result. Moreover, no prejudice resulted because the evidence against petitioner was strong, including eyewitness testimony, forensic evidence, and physical evidence tying him to the shootings. (See Opinion at 47).

Accordingly, after having considered the arguments above and all other arguments raised by petitioner in his objections, the court concurs with and adopts the findings, conclusions, and recommendations of the magistrate judge.

IT IS ORDERED that judgment be entered denying the petition for writ of habeas corpus and dismissing this action with prejudice.

DATED: January 22, 2010

GEORGE H. WU
UNITED STATES DISTRICT JUDGE